The STATE of Ohio, Appellee,

v.

WARBINGTON, Appellant.

[Cite as *State v. Warbington* (1998), 129 Ohio App.3d 568.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APA12–1610.

Decided Aug. 27, 1998.

*Ronald J. O'Brien,* Franklin County Prosecuting Attorney, and *Joyce S. Anderson,* Assistant Prosecuting Attorney, for appellee.

*Judith M. Stevenson,* Franklin County Public Defender, and *John W. Keeling,* Assistant Public Defender, for appellant.

---

BOWMAN, Judge.

Appellant, Anthony W. Warbington, was employed as a live-in care giver for Arthur Owens, an eighty-five-year-old retired postal worker. During his employment, appellant stole checks from Owens, forged his signature, and wrote checks to himself in an amount that was variously reported at $5,600, $6,000, and approximately $6,100. Appellant was indicted on five counts of receiving stolen property and five counts of forgery. On September 25, 1997, appellant entered a plea of guilty to one count of receiving stolen property, and the other nine counts were dismissed. On November 6, 1997, the trial court sentenced appellant to six months in prison, and further ordered:

"The Court further finds that the Defendant shall have three (3) years of post–release control and shall pay full restitution to the Huntington Bank in the approximate amount of $6,100.00; pay full restitution to the victim's estate in the approximate amount of $510; and Defendant shall no longer hold a job in the healthcare field."

Appellant has timely filed a notice of appeal and sets forth the following assignments of error:

"Assignment of Error Number One:

"The trial court erred when it imposed a term of three years of post–release control upon the defendant when, by law, the court can only include the requirement that the defendant be subject to a period of up to three years of post–release control if the parole board determines that a period of post–release control is necessary.

"Assignment of Error Number Two:

"The trial court erred when it neglected to reflect in the judgment entry that a nolle prosequi had been entered on Counts Six through Ten of the indictment.

"Assignment of Error Number Three:

"The trial court erred when it ordered the defendant to pay restitution for crimes that he was never convicted of or charged with in the absence of any agreement between the defendant and the state to make restitution beyond the offense the defendant entered a guilty plea to.

"Assignment of Error Number Four:

"The trial court erred when it imposed as a sanction or penalty upon the defendant an order that the defendant shall no longer hold a job in the health care field."

We will address appellant's second assignment of error first. In this assignment of error, appellant contends that the trial court's judgment entry does not accurately represent the plea agreement. As part of a negotiated plea, appellant entered a plea of guilty to one count of receiving stolen property, and a *nolle prosequi* was to be entered to the remaining nine counts. The trial court, in its entry, entered a *nolle prosequi* only to four of the remaining charges. Appellee concedes that this was a clerical error on the part of the trial court subject to correction pursuant to Crim.R. 36. Therefore, this matter must be remanded to the trial court to correct its judgment entry to comply with the plea that was entered. Appellant's second assignment of error is sustained.

In appellant's first assignment of error, he contends that the trial court erred in imposing a requirement for three years' postrelease control. Following enactment of the new felony sentencing law, effective July 1, 1996, parole and probation for convicted felons have been abolished and postrelease control and community control sanctions have been implemented. Postrelease control is analogous to parole and is defined as "a period of supervision by the adult parole authority after release from imprisonment that includes one or more post-release control sanctions imposed under section 2967.28 of the Revised Code." R.C. 2967.01(N).

In imposing a sentence for a fifth-degree felony, R.C. 2929.14(F) requires that a trial court "shall include in the sentence a requirement that the offender be subject to a period of post-release control after the offender's release from imprisonment, in accordance with that division, if the parole board determines that a period of post-release control is necessary." This requirement is repeated in R.C. 2967.28(C) and (D)(1), which provide:

"(C) Any sentence to a prison term for a felony of the * * * fifth degree * * * shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender.

"(D)(1) Before the prisoner is released from imprisonment, the parole board * * * may impose upon a prisoner described in division (C) of this section, * * * one or more post-release control sanctions to apply during the prisoner's period of post-release control."

■ Thus, it is the adult parole authority that determines whether postrelease control is appropriate, not the trial court, and the trial court erred in imposing a three-year postrelease control requirement on appellant. We do not decide whether appellant has standing to raise the issue, as he is not yet subject to postrelease control and it is speculative whether the adult parole authority would feel bound by the trial court's entry or follow the requirements of R.C. 2967.28. Nonetheless, given our disposition of the second assignment of error, which requires this matter to be remanded to the trial court to correct its entry, the court should likewise enter its sentence in accordance with R.C. 2929.14(F) and 2967.28(C). Appellant's first assignment of error is sustained.

■ In appellant's fourth assignment of error, he contends that the trial court erred when it prohibited him from obtaining employment in the health care field. Appellee concedes that the trial court erred in making this part of its sentence. Once a prison term is imposed on a felon, the only additional sanctions that may be added are a fine or restitution. If the defendant is later released and placed on postrelease control, it is the adult parole authority, not the trial court, that must decide what additional conditions are to be imposed. Therefore, appellant's fourth assignment of error is sustained.

■ In his third assignment of error, appellant contends that, since he entered a plea of guilty to only one count of receiving stolen property, he may be required to make restitution only for that one stolen check. While appellant is correct that, as a general rule, he may be required to make restitution only for the crime of which he was convicted, nonetheless, in this instance, appellant agreed to make restitution for all stolen and forged checks. Appellant, through his attorney, stated:

"In terms of the restitution point that Ms. Owens brought up, I would like to amplify that. * * * He is making approximately $8.50 an hour and is due for a raise. * * * So, he is able to make restitution, both in terms of reimbursing Ms. Owens for her expenses and, also, dealing with the loss he caused to the Huntington Bank."

At the time appellant entered his guilty plea, the prosecutor stated that the amount missing from Owens's account was approximately $6,000; at the sentencing hearing his daughter stated that the amount was $6,100; and prior to imposing sentence, the trial court stated that the amount involved was $5,600. At no time did appellant object to the amounts under discussion or indicate that it was his understanding that, as part of pleading guilty, he needed to make restitution for only one check. Therefore, appellant's third assignment of error is sustained only to the extent that, upon remand, the trial court should determine the exact amount due to the Huntington National Bank.

For the foregoing reasons, appellant's assignments of error are sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded for further proceedings in accordance with this decision.

*Judgment reversed*
*and cause remanded.*

LAZARUS and MASON, JJ., concur.