DECISION.
Defendant-appellant, Steven E. Farley, was indicted for rape of a child under the age of thirteen, in violation of R.C. 2907.02(A)(1)(b), kidnapping, in violation of R.C. 2905.01(A)(4), and two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4). Because the rape charge included an allegation of force, its penalty was mandatory life imprisonment, pursuant to R.C. 2907.02(B).
In a plea agreement, the state dismissed the kidnapping count and one of the gross-sexual-imposition counts, as well as the allegation of force in the rape count, and Farley entered a guilty plea to the amended rape charge and to one count of gross sexual imposition. On appeal, Farley now claims that the trial court erred by accepting his guilty plea because the court had failed to inform him under Crim.R. 11(C)(2)(a) that the rape offense was nonprobationable. We agree.
Crim.R. 11(C)(2) provides in pertinent part,
 In felony cases the court may refuse to accept a plea of guilty or no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 Under R.C. 2929.13(F)(2), a trial court must impose a prison term for any rape offense. So, when accepting a guilty plea to a rape offense, the court must determine that the offender is entering his plea voluntarily, with the understanding that he is not eligible for probation or for the imposition of community-control sanctions.[1]
When dealing with the waiver of nonconstitutional elements under Crim.R. 11, the trial court need only substantially comply with the rule.[2] While literal compliance with Crim.R. 11 is the preferred practice, its absence does not necessarily require vacation of the defendant's guilty plea.[3]
 Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. * * * Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is whether the plea would have otherwise been made."[4]
 In State v. Nero,[5] the Supreme Court of Ohio held that there had been substantial compliance with Crim.R. 11(C)(2)(a) when the defendant knew that he was going to be incarcerated and even asked for time to "straighten out" his affairs. The defendant therefore knew that he would not receive probation and could not have reasonably anticipated a contrary result. The court held that where the totality of the circumstances indicated that the defendant knew he was ineligible for probation and was not prejudiced by the trial court's failure to comply with Crim.R. 11(C)(2)(a), the trial court's acceptance of the defendant's guilty plea to the nonprobationable offense without personally advising the defendant that he was not eligible for probation constituted substantial compliance with Crim.R. 11.[6]
But a trial court does not substantially comply with Crim.R. 11(C)(2)(a) when it fails to inform the defendant that he is not eligible for probation or community control, and the circumstances do not show that the defendant knew he was not eligible.[7] In such a case, an appellate court cannot say that the defendant's plea was made knowingly, intelligently and voluntarily.[8] "The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."[9] To make a voluntary choice, the defendant must act with a "full understanding of the consequences" of his plea.[10] Because the prospect of probation or community control "would be a factor weighing heavily in favor of a plea," the fact that a community-control sanction is statutorily precluded can affect a defendant's decision to enter a guilty plea."[11]
In the present case, the trial court accepted Farley's guilty plea to the rape charge despite its failure to inform Farley that he was ineligible for probation or community control. Moreover, the plea form executed by Farley indicated that a prison term was not mandatory for the rape charge. At no point did the trial court inform Farley in accordance with Crim.R. 11(C)(2)(a) that he was ineligible for community control or probation.
Under the totality of the circumstances, we are not convinced that Farley understood that he was ineligible for community control or probation. Nor are we satisfied that Farley would have entered his guilty plea had the trial court complied with the rule. Noncompliance with Crim.R. 11(C)(2)(a) is not substantial compliance.
Therefore, we reverse the judgment of the trial court and remand this case for further proceedings consistent with law and this Decision.
Judgment reversed and cause remanded.
Doan, P.J., and Gorman, J., concur.
[1] Following the enactment of the new felony sentencing law, effective July 1, 1996, probation for convicted felons has been abolished and community-control sanctions have been established. See State v.Warbington (1998), 129 Ohio App.3d 568, 570, 718 N.E.2d 516.
[2] State v. Griffin (July 24, 1998), Hamilton App. Nos. C-970507 and C-970527, unreported, discretionary appeal not allowed (1998),84 Ohio St.3d 1434, 702 N.E.2d 1215, citing State v. Ballard (1981),66 Ohio St.2d 473, 475, 423 N.E.2d 115, 117; State v. Stewart (1977),51 Ohio St.2d 86, 364 N.E.2d 1163, syllabus.
[3] State v. Nero (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474,476.
[4] Id.
[5] Id.
[6] Nero, supra, at syllabus.
[7] See State v. Calvillo (1991), 76 Ohio App.3d 714,603 N.E.2d 325.
[8] See State v. Truitt (Mar. 19, 1999), Wood App. No. WD-98-043, unreported.
[9] North Carolina v. Alford (1970), 400 U.S. 25, 31, 91 S.Ct. 160,164, citing Boykin v. Alabama (1969), 395 U.S. 238, 89 S.Ct. 1709; Statev. Ballard (1981), 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115, 119.
[10] State v. Hawk (1992), 81 Ohio App.3d 296, 299, 610 N.E.2d 1082,1084, citing State v. Bowen (1977), 52 Ohio St.2d 27, 28, 368 N.E.2d 843,844; Kercheval v. United States (1927), 274 U.S. 220, 223, 47 S.Ct. 582,583.
[11] See State v. May (1989), 64 Ohio App.3d 456, 460, 581 N.E.2d 1154,1156.