DECISION AND JUDGMENT ENTRY
{¶ 1} Kenneth Sparks ("Sparks") appeals the decision of the Washington County Court of Common Pleas sentencing him to two consecutive, one-year terms for breaking and entering and theft, wherein the trial court also notified him that "* * * following his incarceration, a post-release control period of three (3) years will be imposed by the Parol [sic] Board." Sparks contends that the trial court violated his right to due process and usurped the authority of the Ohio Adult Parole Authority ("Parole Board") by sentencing him to a period of post-release control. Because we find that Sparks has not yet been sentenced to any period of post release control, we find that his appeal is not yet ripe for judicial review. Accordingly, we overrule Sparks' sole assignment of error and affirm the judgment of the trial court.
 {¶ 2} On November 14, 2002, the Washington County Grand Jury indicted Sparks on two counts of breaking and entering, violations of R.C. 2911.13 (A) and (B), (Counts One and Four); as well as two counts of theft, violations of R.C. 2913.02(A)(1) and (2), (Counts Two and Three). Each of the charges constitutes a fifth degree felony. Sparks initially entered a plea of not guilty to all four of the charges. Thereafter, he entered a guilty plea to Count One (breaking and entering) and Count Two (theft). The trial court sentenced Sparks to one year imprisonment for each charge, and further ordered that he serve the sentences consecutively.
 {¶ 3} At the sentencing hearing, the trial court stated in relevant part: "Okay. Sir, you are ordered specifically by this Court to have three years of post-release control upon your release from prison. The rules and regulations will be established by the Parole Authority and they will be the ones that I've journalized also here in this Court, that this Court has journalized for people under community control, probation, post-release control. And you will be supervised by the Parole Authority for three years."
 {¶ 4} However, the sentencing entry states, in relevant part: "The Court notifies the Defendant that following his incarceration, a post-release control period of three (3) years will be imposed by the Parol [sic] Board. The Court explained the consequences for violating conditions of post-release control imposed by the Parole Board under Ohio Revised Code section 2967.28, and ORDERS Defendant that he is to serve, as part of this sentence, the term of post release control imposed by the Parole Board, and any prison term imposed for a violation of that post-release control."
 {¶ 5} Sparks timely appealed raising the following assignment of error: "The trial court violated Kenneth Spark's right to due process, and the separation of powers doctrine when it usurped the authority of the Ohio Adult Parole Authority and sentenced him to a period of post-release control. Fifth and Fourteenth Amendments to the United States Constitution. [Sentencing T.p. 53; Sentencing Entry]."
 II. {¶ 6} The Ohio Supreme Court has previously held that the Parole Board has "absolute discretion" over the imposition of post-release control. Woods v. Telb (2000), 89 Ohio St.3d 504, 512, 2000-Ohio-171. In doing so, the Supreme Court specifically stated that: "[T]he sentencing judge has no control over the period of time an offender may serve on post-release control, nor did the sentencing judge have control over the time that an offender may have served on parole. But, we observe that for as long as parole has existed in Ohio, the executive branch (the APA and its predecessors) has had an absolute discretion over that portion of an offender's sentence." Thus, Sparks is correct in his assertion that the trial court has no authority to impose post-release control upon a defendant.
 {¶ 7} However, pursuant to R.C. 2967.28(C) and (D)(1), "(C) Any sentence to a prison term for a felony of the * * * fifth degree * * * shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender."; and, "(D)(1) Before the prisoner is released from imprisonment, the parole board * * * may impose upon a prisoner described in division (C) of this section, * * * one or more post-release control sanctions to apply during the prisoner's period of post-release control."
 {¶ 8} In his sole assignment of error, Sparks argues that the trial court usurped the authority of the Parole Board by sentencing him to three years post-release control. He supports this assignment of error with the trial court's oral statement at his April 16, 2003 sentencing hearing, wherein the court stated, "Okay. Sir, you are ordered specifically by this Court to have three years of post-release control upon your release from prison." However, the State claims that Sparks reliance upon this verbal statement is misplaced, in that the sentencing entry specifies that: "The Court notifies the Defendant that following his incarceration, a post-release control period of three (3) years will be imposed by the Parol [sic] Board. The Court explained the consequences for violating conditions of post-release control imposed by the Parole Board under Ohio Revised Code section 2967.28, and ORDERS Defendant that he is to serve, as part of this sentence, the term of post release control imposed by the Parole Board, and any prison term imposed for a violation of that post-release control." Based upon the sentencing entry, the State argues that Sparks has not been ordered to serve any period of post-release control, but that he has been ordered to serve the term imposed by the Parole Board. We agree with the State's argument.
 {¶ 9} The trial court misspoke at the sentencing hearing, stating that it was ordering Sparks serve three years of post-release control, rather than stating that he might be subject to a maximum of three years post-release control, as determined by the Parole Board. However, the courts of Ohio have long held that a court of record speaks only through its journal entries rather than by oral pronouncement. Wilkin v. Wilkin
(1996), 116 Ohio App.3d 315, 318, citing State v. King (1994),70 Ohio St.3d 158, 162; In re Adoption of Gibson (1986), 23 Ohio St.3d 170,173, at fn.3; Schenley v. Kauth (1953), 160 Ohio St. 109, at paragraph one of the syllabus. Therefore, the trial court's sentencing entry, which plainly orders Sparks to serve the period of post-release control imposed by the Parole Board, is determinative.
 {¶ 10} In State v. Warbington (1998), 129 Ohio App.3d 568, 569, the defendant challenged the trial court's sentence, which stated "* * * the Defendant shall have three years post-release control." Because the Tenth District Court of Appeals' disposition of one of Warbington's other assignments of errors resulted in a remand to correct the sentencing entry to reflect the content of the plea agreement, the court instructed the trial court to correct that portion of the sentence relating to post-release control as well. However, the court of appeals noted that the Warbington might not have standing to raise the issue "* * * as he is not yet subject to post-release control and it is speculative whether the adult parole authority would feel bound by the trial court's entry or follow the requirements of R.C. 2967.28 * * *." Id. at 571.
 {¶ 11} In State v. Ellis, Washington App. No. 02CA48, 2003-Ohio-2243, at ¶ 15, we held that a criminal defendant's objection to the imposition of a maximum sentence after a community control violation was not yet ripe because the defendant had not yet violated community control or been given the maximum sentence. We reasoned that "[f]or a cause to be justiciable, there must exist a real controversy presenting issues which are ripe for judicial resolution and which will have a direct and immediate impact on the parties." Id. at ¶ 13, quoting State v. Stambaugh (1987), 34 Ohio St.3d 34, 38
(Douglas, J. concurring in part and dissenting in part), citing BurgerBrewing Co. v. Liquor Control Comm. (1973), 34 Ohio St.2d 93, 97-98.
 {¶ 12} Further, we noted that a claim is generally not ripe if it rests upon "future events that may not occur as anticipated, or may not occur at all." Id. at ¶ 14, quoting Texas v. United States (1998),523 U.S. 296, 300. In our review to determine whether an issue is ripe for judicial review, we must weigh "(1) the likelihood that the alleged future harm will ever occur, (2) the likelihood that delayed review will cause hardship to the parties, and (3) whether the factual record is sufficiently developed to provide fair adjudication." Id. citing OhioForestry Assn., Inc. v. Sierra Club (1998), 523 U.S. 726, 731-733.
 {¶ 13} Here, we reiterate that the Parole Board has absolute discretion over the imposition of post-release control. While the trial court has expressed its opinion that three years post-release control would be appropriate for Sparks, the only recommendation that the Parole Board must statutorily consider with regard to post-release control is the recommendation made by the office of victims' services. R.C.2967.28(D)(1). Here, Sparks would have to be sentenced to three years of post-release control by the Parole Board before the issue would be ripe for judicial review. This event may or may not occur. Nothing in the record indicates that Sparks would suffer undue hardship by waiting to see what the Parole Board decides to do. Accordingly, we find that Sparks' sole assignment of error is not yet ripe for judicial review and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
Abele, J., Concurs in Judgment and Opinion.
Harsha, J., Dissents with Dissenting Opinion.