OPINION
{¶ 1} Defendant-appellant, Thomas C. Rogers, appeals an order sentencing him to 87 days in jail after the trial court found that Rogers violated the terms of his community control.
 {¶ 2} On October 19, 2006, the trial court issued an entry sentencing Rogers to 90 days in jail on a first-degree misdemeanor OVI charge. The trial court suspended 87 days, credited Rogers with time served on the remaining three days, and placed Rogers on community control for two years. No direct appeal was taken from the October 19 entry. *Page 2 
 {¶ 3} On November 1, 2006, Rogers was charged with violating the terms of his community control. By entry dated February 14, 2007, the trial court found Rogers guilty of a community control violation for failing to complete community service and assessment and treatment requirements and ordered Rogers to serve the 87-day balance of his jail sentence.
 {¶ 4} It is from the February 14 entry that Rogers appeals, claiming the trial court erred in revoking his community control based upon the trial court's failure to find Rogers guilty of the underlying OVI offense.
 {¶ 5} While Rogers is currently appealing the February 14, 2007 judgment entry revoking his community control and imposing the 87-day balance of his jail sentence, his assignment of error actually relates to the October 19, 2006 sentencing entry. Any questions concerning the validity of this entry or matters pertaining thereto should have been raised on a direct appeal of that particular entry. See State v.Seeley, Union App. No. 14-06-38, 2007-Ohio-1538, ¶ 17; State v.Crutchfield, Paulding App. Nos. 11-01-09, 11-01-10, ¶ 7.
 {¶ 6} Rogers, however, did not appeal from the October 19, 2006 sentencing entry within 30 days after its journalization pursuant to App.R. 4(A), nor did he request permission to file a delayed appeal of that sentence. Accordingly, while we have jurisdiction to determine whether the trial court erred in revoking appellant's community control, we may not consider a collateral challenge to the October 19, 2006 sentencing entry. Consequently, we find that the trial court did not err in revoking Rogers' community control.
 {¶ 7} Appellant's assignment of error is overruled.
 {¶ 8} Judgment affirmed.
 WALSH and POWELL, JJ., concur. *Page 1