[Cite as *State v. Painter*, 2013-Ohio-529.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


STATE OF OHIO,                                  :

    Plaintiff-Appellee,                      :              CASE NO.   CA2012-04-031

    - vs -                                         :              O P I N I O N
                                                                   2/19/2013

                                                      :

AARON PAINTER,                              :

    Defendant-Appellant.                :


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 08-CR-00855


D. Vincent Faris, Clermont County Prosecuting Attorney, David H. Hoffmann, 123 North Third Street, Batavia, Ohio 45103-3033, for plaintiff-appellee

Repper, Pagan, Cook, Ltd., Christopher J. Pagan, 1501 First Avenue, Middletown, Ohio 45044, for defendant-appellant


**PIPER, J.**

{¶ 1} Defendant-appellant, Aaron Painter, appeals his convictions and sentence in the Clermont County Court of Common Pleas for multiple counts of drug trafficking and possession.

{¶ 2} During a narcotics investigation, Painter sold oxycontin to undercover officers on multiple occasions, and was also found to be in possession of multiple narcotics. On

February 5, 2008, Painter sold 14 oxycontin pills to an officer, eight of which were 80-milligram tablets, along with six 40-milligram tablets. Later the same evening, Painter sold seven oxycodone pills and one tylox capsule (essentially the same as oxycodone) to another undercover officer. On February 7, 2008, Painter sold nine oxycontin and five Percocet pills, consisting of three 80-milligram, six 40-milligram, and five 30-milligram tablets, to an undercover officer. Police found 25 oxycontin and eight codeine-sulphate tablets of various doses during a search of Painter's home on February 16, 2008. Following a traffic stop of Painter three days later, police found an additional 20 oxycontin pills, also of various doses.

{¶ 3} On October 8, 2008, Painter was indicted on 15 counts related to his possession and sale of narcotics. Counts one through eight charged Painter with aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), and each count was specific to the differently-dosed pills. Therefore, count one alleged that Painter sold 80-milligram pills, where count two alleged that Painter sold 40-milligram pills. Count three alleged that Painter sold the oxycondone pills to the second undercover officer, while count four alleged that Painter sold the tylox capsule. The remaining counts also broke down Painter's sale of the drugs depending on the dosage amount, and Painter was charged with different crimes for each dosage. Also specific to these first eight counts, the state alleged that Painter's drug sales took place within the vicinity of a juvenile. Counts nine through fifteen charged Painter with possession of drugs in violation of R.C. 2925.11(A), and were also charged separately and according to different dosage amounts.

{¶ 4} Painter pled guilty to seven trafficking and two possession charges, and the state agreed to nolle the rest of the charges in the indictment, as well as the specification that the drug trafficking occurred within the vicinity of a juvenile. After accepting Painter's guilty plea, the trial court ordered a presentence investigation report and scheduled a sentencing hearing. At that hearing, the trial court sentenced Painter to 108 months in prison, but

suspended execution of the sentence and placed Painter on community control. Painter took no appeal from the trial court's decision.

{¶ 5} In 2010, Painter violated the terms of his community control. The trial court held a revocation hearing and determined that Painter had violated the terms of his community control. The trial court held a separate hearing, during which it ordered Painter to serve the suspended 108-month prison sentence. At the hearing invoking Painter's sentence, the trial court neglected to inform Painter of his appellate rights. No direct appeal was taken from the trial court's August 4, 2010 decision revoking community control.

{¶ 6} In April 2012, counsel for Painter filed a motion for leave to file a delayed appeal, arguing that Painter had been denied his right to appeal because he was not informed of his right to do so. Along with the motion for leave, Painter filed a notice of appeal in which he gave notice of his intention to appeal from the "Judgment of Conviction Entry, entered in this action on August 4, 2010." This court granted Painter's motion for leave to file a delayed appeal, as the record indicated that Painter was not informed of his appellate rights. Within this court's entry, we stated, "upon consideration of the foregoing, appellant's motion for leave to file a delayed appeal from the August 4, 2002 entry" is granted. While the entry contains a clerical error regarding the year of the trial court's judgment, our entry nonetheless placed the parties on notice that Painter's appeal would be limited to the August 4 judgment entry revoking community control. Painter's brief and oral arguments then followed.

{¶ 7} Within his brief, Painter raised the following three assignments of error regarding the sentence the trial court originally imposed in 2009:

{¶ 8} Assignment of Error No. 1:

{¶ 9} PAINTER'S INDICTMENT FAILED TO STATE AN OFFENSE.

{¶ 10} Assignment of Error No. 2:

- 3 -

{¶ 11} PAINTER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 12} Assignment of Error No. 3:

{¶ 13} THE TRAFFICKING COUNTS WERE ALLIED OFFENSES UNDER R.C. 2921.45 AND DOUBLE JEOPARDY [sic].

{¶ 14} We cannot address these assignments of error because they relate to the sentencing entry of July 21, 2009, rather than the 2010 entry which revoked Painter's community control and ordered execution of his original sentence.[1] Since Painter requested leave to appeal the revocation of his community control, this court granted leave for Painter to appeal only the August 4, 2010 entry revoking community control. Therefore, challenges to the original sentence are outside the scope of Painter's notice of appeal and outside the scope of leave granted by this court regarding Painter's right to appeal.

{¶ 15} As this court has stated in the past, "any questions concerning the validity of [a sentencing] entry or matters pertaining thereto should [be] raised on a direct appeal of that particular entry." *State v. Rogers,* 12th Dist. No. CA2007-05-068, 2007-Ohio-7076, ¶ 5. In *Rogers*, Rogers had been sentenced to 90 days in jail, with credit for three days served. The trial court suspended the remaining 87 days, and instead, placed Rogers on community control. When Rogers violated the terms of his community control, the trial court ordered Rogers to serve the suspended 87-day sentence. Rogers appealed the revocation of his community control, and challenged the prior sentencing entry that imposed the 90-day sentence. We noted that Rogers had not filed a direct appeal of his sentence, and had not filed a delayed appeal in that matter so that the only jurisdiction we had on review was in regard to the trial court's decision to revoke community control.

{¶ 16} Similarly, this court declined an appellant's request to challenge his original

---

1. From oral argument before this court on appellant's issues, it appears that the state may render some concession should appellant file a request for a delayed appeal from the sentence imposed on July 21, 2009.

sentence by making a collateral attack on his revocation of community control. *State v. Dodson*, 12th Dist. No. CA2011-02-034, 2011-Ohio-6347. In *Dodson*, Dodson was indicted for and convicted of trafficking in marijuana and possession of marijuana. After accepting Dodson's guilty plea, the trial court placed Dodson on five years of community control. When Dodson violated the terms of his community control, the trial court revoked community control and sentenced him to three years in prison, to be served consecutive to a previous sentence on separate counts of trafficking in marijuana and engaging in a pattern of corrupt activity.

{¶ 17} On appeal of his revocation of community control, Dodson argued that the trial court failed to merge his trafficking in marijuana and possession of marijuana convictions following his guilty plea. This court declined to address Dodson's assignment of error regarding merger, and instead found that "the time to challenge a conviction based on allied offenses is through a direct appeal." *Id.* at ¶ 9.

{¶ 18} Painter urges this court to depart from our prior precedent, and instead, find that the proper time for challenging the initial sentence is when community control is subsequently revoked. In other words, that time when the pronounced sentence is later invoked. In support of this contention, Painter cites *State v. Reed*, 3rd Dist. No. 4-05-22, 2005-Ohio-5614. In *Reed*, the Third District determined that a suspended sentence is not ripe for review until a trial court revokes community control and the defendant is actually forced to serve the prison sentence. However, we decline to stray from the law of this district, that a sentence is imposed when it is pronounced. While an imposed sentence may be stayed or otherwise held in abeyance, as in the case when the accused is placed on community control, it is nevertheless sufficiently established for purposes of appeal.

{¶ 19} By virtue of the delayed appeal requested, which was specific to the revocation of community control, Painter may not use this appeal to collaterally attack his original sentence. Painter's delayed appeal and notice of appeal is expressly limited to the trial

court's August 4, 2010 entry, and he has not filed a delayed appeal specific to the trial court's original sentence in 2009. Therefore, we are limited in our review to the trial court's decision to revoke community control.

{¶ 20} "The privilege of community control rests upon the probationer's compliance with the community control conditions and any violation of those conditions may properly be used to revoke the privilege." *State v. Sturgill*, 12th Dist. No. CA2011-08-166, 2012-Ohio-4102, ¶ 13, citing *State v. Simpson,* 12th Dist. No. CA2000-12-251, 2002-Ohio-1909, ¶ 23. An appellate court will not reverse a trial court's decision to revoke community control absent an abuse of discretion. *Simpson*, citing *State v. Theisen,* 167 Ohio St. 119, 124-25 (1957). More than an error of law, an abuse of discretion connotes that the trial court's attitude in reaching its decision was unreasonable, arbitrary, or unconscionable. *Simpson.*

{¶ 21} After reviewing the record, we find no abuse of discretion in the trial court's decision to revoke Painter's community control, as there was ample evidence presented to demonstrate that Painter violated several terms of his community control. Testimony at the revocation hearing indicated that Painter failed to maintain employment as ordered, failed several drug tests, and was found in possession of drug paraphernalia after being ordered to abstain from any drug use.

{¶ 22} While we have noted that the trial court failed to advise Painter of his right to appeal after it revoked community control, we find this error harmless because we have since granted Painter's motion for a delayed appeal and have reviewed the trial court's decision regarding revocation of community control. *See State v. Inman*, 4th Dist. No. 10CA3176, 2011-Ohio-3438 (rendering moot appellant's argument that trial court erred by failing to advise of appellate rights once it had granted appellant's motion for a delayed appeal).

{¶ 23} Given that we granted leave to appeal the 2010 revocation entry, and because Painter has not requested leave to appeal the 2009 sentencing entry, we have no jurisdiction

to consider Painter's collateral challenge to the 2009 sentencing entry. Therefore Painter's assignments of error, which address the 2009 sentencing entry, are overruled for lack of jurisdiction. Finding no error in the trial court's 2010 sentencing entry, we affirm the decision of the trial court.

{¶ 24} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.