[Cite as *State v. Sturgell*, 2013-Ohio-3518.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

KENNETH STURGELL, JR.

    Appellant

C.A. No.     26618

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    CR 11 04 1035
                CR 11 03 0715

DECISION AND JOURNAL ENTRY

Dated: August 14, 2013

BELFANCE, Presiding Judge.

{¶1} Kenneth Sturgell appeals from his convictions in the Summit County Court of Common Pleas. For the reasons set forth below, we affirm.

I.

{¶2} Mr. Sturgell was indicted on one count of breaking and entering on March 29, 2011 (case CR-2011-03-0715). On April 29, 2011, Mr. Sturgell was indicted on one count of domestic violence (CR-2011-04-1035). Mr. Sturgell pleaded guilty to both charges on May 23, 2011, and the trial court sentenced him to three years of community control.

{¶3} Mr. Sturgell was indicted for burglary in an unrelated case and was also charged with violating the terms of his community control. On November 8, 2011, Mr. Sturgell pleaded guilty to community control violations in both CR-2011-03-0715 and CR-2011-04-1035. The trial court sentenced Mr. Sturgell to one year in prison for breaking and entering and three years in prison for domestic violence and ordered the terms to be served consecutively for an aggregate

term of four years.[1]  On November 10, 2011, the trial court held a hearing to correct the imposition of post-release control.

{¶4}  The trial court's journal entry did not include a calculation of jail-time credit. However, the trial court issued an entry on December 14, 2011, that determined that Mr. Sturgell was entitled to 155 days of jail-time credit.  Mr. Sturgell filed a motion for jail-time credit on December 22, 2011, requesting credit for an additional 32 days, which would bring his total credit to 187.  The trial court never ruled on that motion.

{¶5}  On August 13, 2011, Mr. Sturgell moved for the trial court to correct his sentence. He argued that the trial court had failed to make "the requisite findings to impose over the minimum sentence pursuant to the Ohio Revised Code 2929.11 and 2929.12."  The trial court determined that Mr. Sturgell's motion was essentially a motion for reconsideration and denied it on August 20, 2011.  Mr. Sturgell filed a notice of appeal from the August 20, 2011 entry on September 7, 2011.  Counsel was appointed on September 21, 2011, and Mr. Sturgell's appointed counsel filed a second notice of appeal on October 3, 2011.  Mr. Sturgell's counsel moved to file a delayed appeal for the May 23, 2011 sentencing entry, and this Court granted his request.

{¶6}  Mr. Sturgell raises four assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY SENTENCING STURGELL TO CONSECUTIVE SENTENCES IN VIOLATION OF R.C. 2929.14(C).

---

[1] Mr. Sturgell also pleaded guilty to burglary, and the trial court ordered all of his sentences be served consecutively.

ASSIGNMENT OF ERROR II

STURGELL WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL FAILED TO ARGUE THAT THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES WAS CONTRARY TO LAW.

{¶7}     Mr. Sturgell argues that the trial court failed to make the required findings prior to imposing consecutive sentences.   Mr. Sturgell was sentenced to consecutive sentences in November 2011; however, the November 13 and November 15, 2011 sentencing entries are not part of this appeal.  Mr. Sturgell appealed the trial court's August 20, 2012 denial of his motion to correct his sentence, and this Court allowed Mr. Sturgell to file a delayed appeal from the May 23, 2011 sentencing entry as well.  At no point has Mr. Sturgell appealed the November 2011 sentencing entries, which is when he was sentenced to consecutive terms.  Thus, Mr. Sturgell's sentence is not properly part of this appeal. *Compare with State v. Painter*, 12th Dist. Clermont No. CA2012-04-031, 2013-Ohio-529, ¶ 14-19 (concluding that appellant could not raise issues pertaining to sentencing entry imposing community control in an appeal from the sentencing entry revoking community control and imposing a prison term when appeal time for the original entry had run and appellant had not requested leave to file a delayed appeal).  Similarly, whether Mr. Sturgell's trial counsel was ineffective for not objecting to the imposition of consecutive sentences is not properly before us on appeal either.

{¶8}     Accordingly, Mr. Sturgell's first and second assignments of error are overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY SENTENCING STURGELL WITHOUT CREDITING THE NUMBER OF DAYS THAT HE WAS HELD IN DETENTION OR INCARCERATION PRIOR TO HIS SENTENCE.

{¶9} In Mr. Sturgell's third assignment of error, he argues that the trial court failed to include calculations of jail-time credit in its November 13 and November 15, 2011 sentencing entries. However, as we explained above, the November 2011 sentencing entries are not part of this appeal, and, therefore, this Court is without jurisdiction to address any alleged errors contained in them.

{¶10} Mr. Sturgell also argues that the trial court committed reversible error by not including a calculation of jail-time credit in its May 23, 2011 sentencing entry. However, assuming that the trial court committed an error in Mr. Sturgell's May 23, 2011 sentencing entry, such an error did not affect his substantial rights because the trial court calculated and awarded him jail-time credit on December 14, 2011.[2] *See State v. Boone*, 9th Dist. Summit No. 26104, 2013-Ohio-2664, ¶ 26 (declining to reverse a trial court's failure to calculate jail-time credit in a sentencing entry when the trial court calculated the credit at a later date because the defendant had not suffered any prejudice). Thus, we conclude that, assuming error occurred, that error was harmless. *See* Crim.R. 52(A) ("Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.") Accordingly, Mr. Sturgell's third assignment of error is overruled.

ASSIGNMENT OF ERROR IV

STURGELL WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL FAILED TO OBJECT AT HIS SENTENCING HEARING THAT THE TRIAL COURT WAS REQUIRED TO DETERMINE STURGELL'S NUMBER OF DAYS OF CONFINEMENT BEFORE SENTENCE WAS IMPOSED.

---

[2] We note that eight days after the trial court calculated Mr. Sturgell's jail-time credit, Mr. Sturgell filed a motion for jail-time credit arguing that he was entitled to an additional 32 days of credit; however, the trial court has not ruled on this motion. *See State ex rel. Williams v. McGinty*, 129 Ohio St.3d 275, 2011-Ohio-2641, ¶ 2 (A trial court's failure to calculate jail-time credit "[i]s remediable in the ordinary course of law by appeal or motion for jail-time credit.").

**{¶11}** In Mr. Sturgell's fourth assignment of error, he argues that his trial counsel was ineffective for failing to object when the trial court did not calculate his jail-time credit prior to sentencing him. In order to prevail on an ineffective assistance of counsel claim, a defendant "must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Mundt*, 115 Ohio St.3d 22, 2007–Ohio–4836, ¶ 62, citing *Strickland v. Washington*, 466 U.S. 668, 687–688, 694 (1984).

**{¶12}** To the extent Mr. Sturgell is arguing that he received ineffective assistance of counsel at the hearings that occurred on November 8 and November 10, 2011, those hearings are outside the scope of the appeal for the reasons articulated above. To the extent Mr. Sturgell is arguing that he received ineffective assistance of counsel at his sentencing hearing on May 17, 2011, we disagree that reversible error has occurred. Even assuming that Mr. Sturgell's counsel was deficient and that Mr. Sturgell was prejudiced by counsel's actions at the time, we cannot conclude that Mr. Sturgell's substantive rights were affected for the same reasons we stated in our analysis of his third assignment of error. *See* Crim.R. 52(A). The trial court has calculated Mr. Sturgell's jail-time credit. Accordingly, his fourth assignment of error is overruled.

III.

**{¶13}** In light of the foregoing, the August 20, 2012 and May 23, 2011 judgments of the Summit County Court of Common Pleas are affirmed.

Judgments affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
EVE V. BELFANCE
FOR THE COURT

CARR, J.
WHITMORE, J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.