[Cite as *State v. Williams*, 2014-Ohio-725.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## GREENE COUNTY

STATE OF OHIO

       Plaintiff-Appellee

v.

ADAM WILLIAMS

       Defendant-Appellant


Appellate Case No.    2012-CA-43

Trial Court Case No.   2010-CR-181


(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

# O P I N I O N

Rendered on the 28th day of February, 2014.

. . . . . . . . . . .

ELIZABETH A. ELLIS, Atty. Reg. No. 0074332, Assistant Greene County Prosecutor, 61 Greene Street, Suite 200, Xenia, Ohio 45385
      Attorney for Plaintiff-Appellee

CHARLES M. BLUE, Atty. Reg. No. 0074329, 401 East Stroop Road, Kettering, Ohio 45429
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-Appellant, Adam Williams, appeals from the trial court's entry revoking his community control sanctions and sentencing him to prison. Williams originally received community control sanctions as a result of pleading guilty to five counts of possessing cocaine and one count of trafficking cocaine. On appeal, Williams contends that the trial court erred in convicting him of multiple allied offenses of similar import. He claims that his offenses should have merged to form only two possession counts, or alternatively, one possession count and one trafficking count.

{¶ 2} We conclude that the allied offense argument raised by Williams is barred by the doctrine of res judicata. The argument was ripe for appeal after Williams had been convicted and sentenced to community control sanctions. Instead of properly raising the argument in an appeal from his conviction and sentence, Williams raised the argument over a year later in an appeal from the trial court's entry revoking his community control. Under the doctrine of res judicata, Williams's argument is not subject to appellate review, because it could have been raised in an earlier appeal from his conviction. Accordingly, the judgment of the trial court will be affirmed.

## I. Facts and Course of Proceedings

{¶ 3} On April 2, 2010, Williams was indicted by the Greene County Grand Jury on five counts of possessing cocaine in violation of R.C. 2925.11(A), five counts of possessing criminal tools in violation of R.C. 2923.24(A), and one count of trafficking cocaine in violation of R.C. 2925.03(A)(2), all felonies of the fifth degree. The charges arose from Williams

engaging in drug activity with three other individuals at a motel room in Fairborn, Ohio. A K-9 unit led police to Williams's room, and officers saw the following items in plain view: a glass water bong that contained residue; a plate of white powder sitting on a table; and a box of empty sandwich bags on a dresser. After obtaining a warrant, the police searched the motel room and found a cigarette package in a pair of Williams's pants, which contained a small bag of cocaine and a clear capsule of white powder. The police discovered a second cigarette package in a purse belonging to one of the other occupants, and it also contained a small bag of cocaine and a clear capsule of white powder. The police also found a container of white powder and a creatine bottle sitting next to a television. Each of these items were collected by the police, and they all tested positive for cocaine or marijuana.

{¶ 4} Williams was arrested, and he entered into a plea agreement in which he pled guilty to five counts of possessing cocaine and one count of trafficking cocaine. In exchange, the State dismissed the five counts for possessing criminal tools. On October 19, 2010, the trial court sentenced Williams to five years community control sanctions with six months of inpatient drug treatment at Greene Leaf Therapeutic Community. During sentencing, the court advised Williams that if he violated the conditions of community control, he would have to serve 12 months in prison for each of his six offenses consecutively, which would amount to a total prison term of 72 months. Williams did not file an appeal from his conviction or sentence.

{¶ 5} On March 29, 2012, the Greene County Adult Probation Department filed a motion for capias on grounds that Williams had violated the conditions of community control. Williams waived his right to a probable cause hearing on the matter, but requested an evidentiary hearing, which was held on May 10, 2012. At the evidentiary hearing, Williams admitted to

violating the conditions of community control as alleged by the probation department. As a result, the trial court revoked Williams's community control and modified his sentence. Instead of the 72-month term prescribed during his original sentencing, the trial court ordered him to serve a total of 42 months in prison for all six of his offenses.

{¶ 6} Williams now appeals from the trial court's May 10, 2012 entry revoking his community control and sentencing him to 42 months in prison. He filed his notice of appeal on June 11, 2012.

## II. Did the Trial Court Err in Convicting the Appellant of Multiple Allied Offenses of Similar Import?

{¶ 7} Williams's Sole Assignment of Error states as follows:

THE TRIAL COURT ERRED BY CONVICTING THE APPELLANT OF

MULTIPLE ALLIED OFFENSES OF SIMILAR IMPORT.

{¶ 8} Under this assignment of error, Williams contends that his five counts of possessing cocaine and one count of trafficking cocaine were allied offenses of similar import and should have been merged. Specifically, he claims that the location and packaging of the drugs found in his motel room only support two separate possession offenses. He also claims that one of the possession offenses must merge with the trafficking offense. As a result, Williams argues that he only should have been convicted of two counts of possession, or alternatively, one count of possession and one count of trafficking.

{¶ 9} In response, the State contends that Williams's allied offense argument is outside the scope of this appeal. Specifically, the State argues that the doctrine of res judicata prevents

Williams from collaterally attacking his conviction through an appeal of the court's May 10, 2012 entry revoking his community control. It is the State's position that Williams was required to raise his allied offense argument by directly appealing his October 19, 2010 conviction, which he failed to do.

{¶ 10}   As a preliminary matter, we note that "allied offense claims are nonjurisdictional and may be barred through application of the principles of res judicata." (Citations omitted.) *State v. Segines*, 8th Dist. Cuyahoga No. 99789, 2013-Ohio-5259, ¶ 7. In *State v. Pound*, 2d Dist. Montgomery Nos. 24789, 24980, 2012-Ohio-3392, we stated the following regarding the doctrine of res judicata.

> "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *Id.* at *¶ 8*, quoting *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus.

{¶ 11}   In other words, "any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." (Citations omitted.) *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16.

{¶ 12}   Ohio's Third, Fourth, Fifth, and Twelfth Appellate Districts have specifically held that res judicata bars a defendant from presenting an allied offense argument in an appeal from an entry revoking community control as opposed to appealing from the original entry of

conviction. *See State v. Harlow,* 3d Dist. Union No. 14-04-23, 2005-Ohio-959, ¶ 8-12; *State v. Crutchfield*, 3d Dist. Paulding Nos. 11-01-09, 11-01-10, 2002 WL 206008, *2 (Feb. 8, 2002); *State v. Fields,* 5th Dist. Richland No. 2012-CA-0011, 2012-Ohio-4808, ¶ 14-19; *State v. Black,* 5th Dist. Richland No. 08 CA 41*,* 2009-Ohio-3608, ¶ 20-21; *State v. Allbaugh*, 4th Dist. Athens No. 12CA23, 2013-Ohio-2031, ¶ 14-18; *State v. Dodson,* 12th Dist. Butler No. CA2011-02-034, 2011-Ohio-6347, ¶ 7-9; *State v. Rogers*, 12th Dist. Clermont No. CA2007-05-068, 2007-Ohio-7076, ¶ 4-6; *State v. Painter*, 12th Dist. Clermont No. CA2012-04-031, 2013-Ohio-529, ¶ 14-19.

**{¶ 13}** While not in the context of a defendant appealing an entry revoking community control, we have also held that an allied offense claim must be raised in a direct appeal from a defendant's conviction. In *Pound*, 2d Dist. Montgomery Nos. 24789, 24980, 2012-Ohio-3392 we stated the following:

> [W]hen an appellant does not raise the issue of merger in a timely direct appeal, the challenge is barred by the doctrine of res judicata. *State v. Martin, Montgomery* 2d Dist. No. 21697, 2007-Ohio-3585, ¶ 3. *See also State v. Poole*, 8th Dist. Cuyahoga No. 94759, 2011-Ohio-716, ¶ 13 ("the time to challenge a conviction based on allied offenses is through a direct appeal—not a resentencing hearing"); and *State v. Goldsmith*, 8th Dist. Cuyahoga No. 95073, 2011-Ohio-840, ¶ 11 ("[b]ecause [appellant] failed to raise on direct appeal from his conviction the issue concerning whether the offenses challenged herein are allied offenses of similar import subject to merger, we find that the issue is barred by the doctrine of res judicata"). *Id.* at ¶ 14.

**{¶ 14}** The Eighth District has also concluded that an allied offense claim must be raised in a direct appeal from a defendant's conviction. *See State v. Townsend,* 8th Dist. Cuyahoga No. 97214, 2012-Ohio-496*, ¶* 7 ("the issue of whether two offenses constitute allied offenses subject to merger must be raised on direct appeal from a conviction, or res judicata will bar a subsequent attempt to raise the issue"); *State v. Goldsmith,* 8th Dist. Cuyahoga No. 95073, 2011-Ohio-840, ¶ 11*; State v. Poole*, 8th Dist. Cuyahoga No. 94759, 2011-Ohio-716, ¶ 13; *Segines*, 8th Dist. Cuyahoga No. 99789, 2013-Ohio-5259 at ¶ 11.

**{¶ 15}** We note that this topic has created some confusion given that various districts, including ours, have also held that when a trial court imposes a sentence of community control with a reserve prison sentence, an appeal of the prison sentence does not become ripe until after a defendant actually violates community control. In other words, the "disposition is only appealable if and when the court revokes community control and sentences the defendant to prison." *State v. Lucas*, 2d Dist. Champaign No. 2006 CA 1, 2007-Ohio-188, ¶ 59, citing *State v. Adams,* 2d Dist. Champaign No. 2003 CA 15, 2004-Ohio-3784, ¶ 28-29; *State v. Dunson,* 2d Dist. Montgomery No. 20961, 2006-Ohio-775; *see also State v. Poppe*, 3d Dist. Auglaize No. 2-06-23, 2007-Ohio-688, ¶ 14 ("an appeal of a reserved sentence of imprisonment that is part of a sentence of community control is not ripe until an actual sentencing order imposes the prison term for community control violation"); *State v. Reed*, 3d Dist. Defiance No. 4-05-22, 2005-Ohio-5614, ¶ 11; *State v. Sparks*, 4th Dist. Washington No. 03CA21, 2003-Ohio-6300, ¶ 11-13.

**{¶ 16}** At first blush, the foregoing cases appear to conflict with the cases that require a defendant to present an allied offense claim in a direct appeal from his conviction as opposed to

appealing after his community control is revoked. However, this is not the case. The ripeness issue in the foregoing cases involve defendants who appealed aspects of their prison sentence before their community control had been violated and/or revoked. In other words, they were appealing a prison sentence that they had not yet received. The other line of cases involved a completely different scenario, as there was a community control violation and a delayed appeal on allied offense grounds.

{¶ 17} This matter is clarified in *State v. Wilson,* 1st Dist. Hamilton No. C -061000, 2007-Ohio-6339. In *Wilson*, the First District addressed the ripeness issue in the context of an allied offense claim, and it pointed out that "by raising an allied-offense argument, [the appellant] is challenging the convictions, not just the sentences." *Id.* at ¶ 5. As a result, *Wilson* held that the allied offense issue, which ultimately affected the defendant's conviction, was ripe for review before the community control violation. *Id.*

{¶ 18} We further note that the Supreme Court of Ohio has recently declined to certify a conflict on this issue. On April 22, 2013, the Twelfth District granted a motion to certify a conflict on grounds that its decision in *Painter*, 12th Dist. Clermont No. CA2012-04-031, 2013-Ohio-529, "is in conflict with several cases from different districts that have held that a defendant may argue issues regarding his original sentence after community control has been revoked, because the prison sentence is not technically imposed until the revocation of the community control." Entry Granting Motion for Certification, 12th Dist. Clermont No. CA2012-04-031 (Apr. 22, 2013), p. 13, citing *Poppe*, 3d Dist. Auglaize No. 2-06-23, 2007-Ohio-688; *State v. Ellis*, 4th Dist. Washington No. 02CA48, 2003-Ohio-2243.[1] In *Painter*,

---

[1] The Twelfth District's Entry Granting Motion for Certification is attached to Painter's Notice of Certified Conflict, which was

the court concluded that the defendant was barred from raising an allied offense argument in an appeal from an entry revoking community control, because the argument related to the original sentencing entry. *Painter* at ¶ 13-14. After reviewing the proposed conflict in *Painter*, the Supreme Court determined that no conflict existed among the districts on the ripeness issue. *State v. Painter*, 136 Ohio St.2d 1447, 2013-Ohio-3210, 991 N.E.2d 255.

{¶ 19} As a result of the foregoing, we will follow the precedent set by the Third, Fourth, Fifth, and Twelfth Districts, and hold that res judicata bars a defendant from presenting an allied offense argument in an appeal from an entry revoking community control, as the argument is ripe for appeal after conviction, and should be presented in a direct appeal from the original entry of conviction and sentence.

{¶ 20} In this case, Williams's allied offense argument should have been raised in an appeal from his October 19, 2010 conviction and sentence. Instead, he raised his argument in an appeal from the May 10, 2012 entry revoking his community control. As a result, we find that the doctrine of res judicata bars Williams from raising the allied offense argument in this appeal.

{¶ 21} For the foregoing reasons, Williams's sole assignment of error is overruled.

### III.   Conclusion

{¶ 22} Having overruled Williams's sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J.,   concurs.

filed under Supreme Court Case No. 2013-0801 on May 17, 2013.

DONOVAN, J., dissenting:

{¶ 23}  I disagree.  In my view, a challenge to a reserved prison term (one, in fact, which was modified downward and resulted in a new judgment entry) is unripe and not justiciable until the judgment is entered revoking community control.  The majority's opinion will result in countless appeals from the grant of community control sanctions which may ultimately be unnecessary due to successful completion of community control or administrative termination thereof.

{¶ 24}  Although Williams did not appeal his sentence when he was informed of a potential 72-month sentence, the new judgment entry which imposed the 42-month sentence was imposed for the very first time upon his revocation of community control.  Thus, in my view, Williams has a right to a direct appeal of the imposition of a prison term.  Prior to the 42-month sentence, the judgment entry of community control was only a "notice" of a potential sentence as referenced in R.C. 2929.15(B)(2).  "Notice" is not synonymous with imposition.  Furthermore, because Williams' sentence includes terms which are of a consecutive nature, the court was required to make findings pursuant to R.C. 2929.14(C)(4), which it failed to do.

{¶ 25}  Lastly, in the alternative, I would grant a delayed appeal pursuant to App.R. 5(A) as it appears the merger argument has arguable merit and would likely reduce Williams' sentence.

. . . . . . . . . . .

Copies mailed to:

Elizabeth A. Ellis
Charles M. Blue
Hon. Michael A. Buckwalter