[Cite as *State v. Kaeser*, 2018-Ohio-1533.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-29 |
| | : | |
| v. | : | Trial Court Case No. 14-CR-182 |
| | : | |
| STEPHEN C. KAESER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 20th day of April, 2018.

. . . . . . . . . .

KEVIN TALEBI, Atty. Reg. No. 0069198, 200 N. Main Street, Urbana, Ohio 43078
        Attorney for Plaintiff-Appellee

SEAN BRINKMAN, Atty. Reg. No. 0088253, 10 W. Monument, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Appellant had been charged with one count of Unlawful Sexual Conduct with a Minor and one count of Corrupting Another with Drugs, both fourth-degree felonies. He pled guilty and was sentenced to community control sanctions on October 8, 2014. At that time, the trial court indicated that if the appellant violated community control he would be sentenced to prison for fourteen months on the first count and seventeen months on the second count, to be served concurrently. Appellant did not appeal his convictions.

{¶ 2} In July 2015, the Appellant, who was supervised and living in Indiana, failed to report and his whereabouts were unknown. An arrest warrant was issued. That warrant eventually was served on September 11, 2017. A September 18, 2017 notice of community control violations was filed indicating Appellant failed to report, failed to complete sex-offender treatment, and failed to register as a sex offender.

{¶ 3} On October 6, 2017, the Appellant appeared in court with counsel and admitted to the community control violations. Although he requested that he be returned to supervision on community control, the court sentenced him to prison consistent with its original reservation of penalties at the time of the original sentencing. He appeals.

{¶ 4} Appellate counsel filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for our review. We informed Kaeser of the *Anders* filing and advised him of his right to file his own brief and granted him sixty days to do so. Kaeser has not filed a pro se brief, and the time for filing has expired.

## Potential Assignments of Error

{¶ 5} In the *Anders* brief, appointed appellate counsel asks us to review a possible

appellate argument that Appellant was denied due process in his violation proceedings. Counsel notes that Appellant is entitled to (a) written notice of the violations, (b) disclosure of the evidence against him, (c) an opportunity to be heard and present evidence, (d) the right to confront witnesses, (e) a neutral hearing body, and (f) a written statement as to the evidence and reasons relied upon for revoking community control. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *State v. Klosterman*, 2d Dist. Darke Nos. 2015-CA-9 and 2015-CA-10, 2016-Ohio-232, ¶ 15. However, counsel concludes this argument lacks merit. We agree.

{¶ 6} Initially, we note that Kaeser did not file a direct appeal. His convictions therefore are final, and res judicata prevents consideration of issues that could have been raised at that time. *State v. Williams,* 2d Dist. Greene No. 2012-CA-43, 2014-Ohio-725, ¶¶ 10, 20. In addition, the record reflects that Appellant was provided with written notice of three violations. He admitted to them in open court represented by counsel. He therefore waived the remaining opportunities to which he was entitled. There is nothing in the transcript of the hearing or the record to indicate that the admission and waiver were anything other than knowing and voluntary. Accordingly, we find no merit to the potential assignment of error, which is frivolous.

### *Anders* Review

{¶ 7} We also have performed our duty under *Anders* to conduct an independent review of the record. We thoroughly have reviewed the docket, the various filings, the written transcript, and the sentencing disposition. We have found no non-frivolous issues for review. We grant counsel's request to withdraw from representation and affirm the judgment of the Champaign County Common Pleas Court.

. . . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.


Copies mailed to:

Kevin Talebi
Sean Brinkman
Stephen C. Kaeser
Hon. J. Timothy Campbell, by assignment