[Cite as *Ohio v. Nash*, 2011-Ohio-6548.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

     Plaintiff-Appellee

v.

SHAWN L. NASH

     Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. John W. Wise, J.
Hon. Julie A. Edwards, J.

Case No. 2011CA00146

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Case No. 2008CR2161 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | December 12, 2011 |
| APPEARANCES: | |

For Plaintiff-Appellee

For Defendant-Appellant

JOHN D. FERRERO,
PROSECUTING ATTORNEY,
STARK COUNTY, OHIO

By: RENEE M. WATSON
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

GEORGE URBAN
116 Cleveland Ave. NW
Suite 808
Canton, Ohio 44702

*Hoffman, P.J.*

{¶ 1}   Defendant-appellant Shawn L. Nash appeals the June 24, 2011 Judgment Entry entered by the Stark County Court of Common Pleas, which denied his motion for resentencing.  Plaintiff-appellee is the State of Ohio.

## STATEMENT OF CASE[1]

{¶ 2}   On December 26, 2008, the Stark County Grand Jury indicted Appellant on three counts of trafficking in cocaine, in violation of R.C. 2925.03(A)(1)(C)(4)(d), felonies of the third degree; one count of possession of cocaine, in violation of R.C. 2925.11(A)(C)(4)(c), a felony of the third degree; and two counts of possession of cocaine, in violation of R.C. 2925.11(A)(C)(4)(b), felonies of the fourth degree.  The trial court issued a warrant for Appellant's arrest, which was returned on February 12, 2010. Appellant appeared before the trial court for arraignment on February 19, 2010, and entered a plea of not guilty to all charges.  Upon motion of Appellee, the trial court permitted Appellee to amend Count One of the Indictment from trafficking in cocaine, a felony of the third degree to trafficking in cocaine, a felony of the fifth degree; and Count Two from possession of cocaine, a felony of the third degree, to possession of cocaine, a felony of the fifth degree.

{¶ 3}   Appellant appeared before the trial court on March 29, 2010, and entered a plea of guilty to the amended indictment.  The trial court found Appellant guilty, and deferred the imposition of sentence pending a presentence investigation by the probation department.

---

[1] A Statement of the Facts underlying Appellant's conviction is not necessary for our disposition of this appeal.

**{¶ 4}** Appellant appeared before the trial court for sentencing on April 28, 2010. The trial court sentenced Appellant to three years of community control subject to the general supervision and control of the court. The trial court reserved the imposition of an eighty-three month prison term in the event Appellant failed to comply with the terms and conditions of his community control. Appellant did not take a direct appeal from the sentence.

**{¶ 5}** On May 24, 2010, Appellant's probation officer filed a motion to revoke probation or modify former order. Appellant had been charged with OVI in Wayne County on May 9, 2010, and failed to report the arrest to his probation officer. Additionally, Appellant failed to report to the probation officer on May 12, 2010, and May 24, 2010. Finally, Appellant violated curfew on May 23, 2010. Via Journal Entry filed November 24, 2010, the trial court revoked Appellant's community control, and sentenced him to an aggregate term of imprisonment of eighty-three months. The trial court filed a Judgment Entry on December 2, 2010, memorializing the same. Appellant did not take a direct appeal from the revocation of his community control.

**{¶ 6}** On June 23, 2011, Appellant filed a pro se motion for resentencing, arguing his crimes were allied offenses of similar import. The trial court denied Appellant's motion via Judgment Entry filed June 24, 2011. The trial court found the elements required for the offenses of trafficking in cocaine and possession of cocaine were different. The trial court also found each of the three trafficking offenses and each of the three possession offenses were committed on different days, i.e., September 25, 2008, February 27, 2008, and October 30, 2008.

{¶ 7} It is from this Judgment Entry Appellant appeals, raising its sole assignment of error:

{¶ 8} "I. THE TRIAL COURT ERRD WHEN IT DENIED APPELLANT'S MOTION FOR RESENTENCING."

{¶ 9} This case comes to us on the accelerated calendar. App. R. 11. 1, which governs accelerated calendar cases, provides in pertinent part:

{¶ 10} "(E) Determination and judgment on appeal.

{¶ 11} "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

{¶ 12} "The decision may be by judgment entry in which case it will not be published in any form."

{¶ 13} This appeal shall be considered in accordance with the aforementioned rule.

I

{¶ 14} In his sole assignment of error, Appellant maintains the trial court erred in denying his motion for resentencing.

{¶ 15} We find Appellant's allied offenses claim is barred by the doctrine of res judicata. "[A] convicted defendant is precluded under the doctrine of res judicata from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Szefcyk* (1996), 77 Ohio St.3d 93, 96, 671 N.E.2d 233.

**{¶ 16}** Appellant was convicted and sentenced on May 4, 2010. Appellant did not take a direct appeal from his original sentence. On December 2, 2010, Appellant's community control was revoked and Appellant was sentenced to eighty-three months in prison. Again, Appellant did not take a direct appeal challenging either the revocation of his community control and/or the imposition of his sentence. We find Appellant is barred from raising this argument at this juncture.

**{¶ 17}** Appellant's sole assignment of error is overruled.

**{¶ 18}** The judgment of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Wise, J. and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| v. | : | JUDGMENT ENTRY |
| | : | |
| SHAWN L. NASH | : | |
| | : | |
| Defendant-Appellant | : | Case No. 2011CA00146 |

For the reason stated in our accompanying Opinion, the judgment of the Stark County Court of Common Pleas is affirmed.  Costs assessed to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS