[Cite as *State v. Fields*, 2012-Ohio-4808.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | William B. Hoffman, P.J. |
| | : | Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 2012-CA-0011 |
| | : | |
| | : | |
| DAVID A. FIELDS | : | O P I N I O N |
| | | |
| Defendant-Appellant | | |

CHARACTER OF PROCEEDING: Criminal Appeal from Richland
County Court of Common Pleas Case
No. 2010-CR-0338D

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: October 12, 2012

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

JAMES J. MAYER, JR.                      ANDREW M. KVOCHICK
Prosecuting Attorney                       Weldon, Huston & Keyser
Richland County, Ohio                       76 N. Mulberry Street
                                                         Mansfield, Ohio  44902
BY: JILL M. COCHRAN
Assistant Richland County Prosecutor
38 South Park Street
Mansfield, Ohio  44902

*Edwards, J.*

{¶1} Defendant-appellant, David Fields, appeals his conviction and sentence from the Richland County Court of Common Pleas on burglary, possessing criminal tools and tampering with coin machines. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On June 11, 2010, the Richland County Grand Jury indicted appellant on one count of burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree, one count of possession of criminal tools in violation of R.C. 2923.24(A), a felony of the fifth degree, and one count of tampering with coin machines in violation of R.C. 2911.32, a felony of the fifth degree. Appellant also was indicted on one count of criminal damaging in violation of R.C. 2909.06(A)(1), a misdemeanor of the second degree, and one count of attempted theft in violation of R.C. 2913.02(A)(1) and 2923.02(A), a misdemeanor of the second degree.[1] At his arraignment on October 19, 2010, appellant entered a plea of not guilty to the charges.

{¶3} Thereafter, appellant withdrew his former not guilty plea and entered a plea of guilty to burglary, possessing criminal tools and tampering with coin machines. The remaining counts were dismissed. Pursuant to a Sentencing Entry filed on February 15, 2011, the trial court placed appellant on community control for a period of four years under specified terms and conditions. The trial court, in its Entry, stated that appellant was to pay restitution "as ordered."

{¶4} A hearing before a Magistrate on the issue of restitution was held on May 25, 2011. The Magistrate, in a decision filed on July 14, 2011, found that appellant had damaged the frame and padlock of a vending machine located in a Best Western Hotel

---

[1] The indictment incorrectly stated that attempted theft was a felony of the fifth degree.

and recommended that appellant pay a total of $1,000.00 in restitution to the owner of the same vending machine.

{¶5} As memorialized in a Judgment Entry filed on August 1, 2011, the trial court found that appellant had violated the conditions of his community control supervision and fined appellant $100.00. Pursuant to a Judgment Entry filed on the same date, the trial court adopted the Magistrate's decision on restitution as the order of the court.

{¶6} On August 11, 2011, a bench warrant was issued for appellant after appellant allegedly violated the terms and conditions of his community control by, on August 8, 2011, violating his curfew, and by, on August 10, 2011, being charged with falsification, obstructing official business, and eluding a police officer and displaying fictitious tags. At his arraignment on August 23, 2011, appellant entered a plea of not guilty to the community control violations. On September 27, 2011, another bench warrant was issued for appellant after appellant allegedly violated the terms of his community control by, on October 4, 2011, using cocaine, by, on September 22, 2011, absconding from supervision and by, on October 4, 2011, being found in Franklin County without permission. On November 1, 2011, appellant entered a plea of not guilty.

{¶7} Following a hearing on November 4, 2011, appellant admitted to specified community control violations and was found guilty of the same while other violations were dismissed. Via a Journal Entry filed on November 10, 2011, appellant was continued on community control with additional conditions. Appellant specifically was ordered to complete the Teen Challenge Program.

{¶8} On November 21, 2011, a bench warrant was issued for appellant after he allegedly violated his community control by absconding from the Teen Challenge Program. At his arraignment on January 10, 2012, appellant entered a not guilty plea.

{¶9} A hearing on the alleged community control violations was held on January 24, 2012. Appellant admitted to having violated his community control and the trial court found him guilty. As memorialized in a Journal Entry filed on January 24, 2012, appellant was sentenced to five (5) years for burglary, to twelve (12) months for possessing criminal tools and to twelve (12) months for tampering with coin machines. The trial court ordered that the sentences be served concurrently.

{¶10} Appellant now raises the following assignments of error on appeal:

{¶11} "I. THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT BY FAILING TO PROPERLY MERGE ALLIED OFFENSE OF SIMILAR IMPORT.

{¶12} "II. THE TRIAL COURT ERRED PURSUANT TO R.C. 1.51 WHEN THE COURT DECLINED TO MERGE THE GENERAL OFFENSE OF BURGLARY INTO THE SPECIFIC OFFENSE OF TAMPERING WITH COIN MACHINES FOR THE PURPOSES OF SENTENCING.

{¶13} "III. APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL WHEN HE WAS ADVISED TO ENTER A GUILTY PLEA TO A BURGLARY CHARGE ON A TRESPASS THEORY THAT HAD BEEN REJECTED BY THE OHIO SUPREME COURT."

I, II

{¶14} Appellant, in his first two assignments of error, argues that the trial court erred in sentencing appellant by failing to merge burglary and tampering with coin machines, which appellant alleges are allied offenses of similar import.

{¶15} In *State v. Dodson*, 12th Dist. No. CA2011-02-034, 2011-Ohio-6347, the appellant was indicted for one count of trafficking in marijuana and one count of possession of marijuana. Following a February 18, 2009 guilty plea, the appellant was sentenced to five years of community control for both counts on April 10, 2009.

{¶16} On January 25, 2011, the trial court found that the appellant had violated the terms of his probation and revoked the appellant's community control. Consequently, the appellant was sentenced to a total of three years in prison, to be served consecutively with his seven-year prison term in a previous case. The appellant then appealed, arguing that the trial court had erred when it failed to merge the appellant's convictions.

{¶17} In affirming the judgment of the trial court, the court, in *Dodson*, stated, in relevant part, as follows: "The record indicates that following appellant's guilty plea to both trafficking in marijuana and possession of marijuana he was convicted and sentenced to five years of community control on April 10, 2009. There is no indication that appellant ever appealed from this entry of conviction. Appellant now seeks to challenge aspects of his conviction of trafficking in marijuana and possession of marijuana in an appeal from the revocation of his community control that could have been raised in a timely direct appeal from his judgment entry of conviction.

**{¶18}** "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment. *State v. Carter,* Clinton App. Nos. CA2010–07–012, CA2010–08–016, 2011–Ohio–414, ¶ 7; *State v. Perry* (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. In turn, the time to challenge a conviction based on allied offenses is through a direct appeal. *State v. Woods,* Cuyahoga App. No. 96487, 2011–Ohio–5825, ¶ 21; see *State v. Hobbs,* Lake App. No. 2010–L–064, 2011–Ohio–1298; see, also, *State v. Crutchfield,* Paulding App. Nos. 11–01–09, 11–01–10, 2002–Ohio–568. Accordingly, because appellant did not raise the issue of whether trafficking in marijuana and possession of marijuana are allied offenses of similar import in a timely direct appeal, we now find his challenge barred by res judicata. See *State v. Black,* Richland App. No. 08 CA 41, 2009–Ohio–3608; see, also, *State v. Harlow,* Union App. No. 14–04–23, 2005–Ohio–959. Appellant's first argument is overruled." Id at paragraphs 8-9. See also *State v. Nash*, 5th Dist. No.2011CA00146, 2011-Ohio-6548.

**{¶19}** Likewise, in the case sub judice, appellant did not raise the issue of whether his offenses were allied offenses of similar import in a timely direct appeal. We find, therefore, that he is barred by the doctrine of res judicata from raising such claim now.

**{¶20}** Appellant's first and second assignments of error are, therefore, overruled.

III

{¶21} Appellant, in his third assignment of error, argues that he received ineffective assistance of counsel when he was advised to enter a guilty plea to a burglary charge on a trespass theory that had been rejected by the Ohio Supreme Court.  Appellant argues that he was not legally liable for burglary but pleaded guilty to the crime based on the advice of his court-appointed counsel.

{¶22}  However, we find that appellant's argument is barred by the doctrine of res judicata.  In *State v. Banks*, 10th Dist. Nos. 10AP-1065, 10AP-1066, 10AP-1067, 2011-Ohio-2749, the appellant argued that his trial counsel was ineffective because his trial counsel had allowed him to plead guilty to aggravated vehicular homicide and aggravated vehicular assault when he had not been convicted of the "predicate offenses" of operating a motor vehicle under the influence of alcohol or driving without a license. The court held that such claim was barred by res judicata because the appellant could have raised the issue on direct appeal, and it could have been determined without resort to evidence outside the record. Likewise, appellant could have raised this issue on direct appeal, but did not do so.

**{¶23}** Appellant's third assignment of error is, therefore, overruled.

**{¶24}** Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.

By: Edwards, J.

Hoffman, P.J. and

Farmer, J. concur

_____

_____

_____

JUDGES

JAE/d0724

[Cite as *State v. Fields*, 2012-Ohio-4808.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DAVID A. FIELDS | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2012-CA-0011 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES