[Cite as *State v. Allbaugh*, 2013-Ohio-2031.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | Case No. 12CA23 |
| v. | : | |
| | | DECISION AND |
| GEORGE ALLBAUGH, | : | JUDGMENT ENTRY |
| Defendant-Appellant. | : | RELEASED 05/13/2013 |

APPEARANCES:

Timothy Young, Ohio State Public Defender, and Stephen A. Goldmeier, Assistant Ohio State Public Defender, Columbus, Ohio, for Defendant-Appellant.

Keller J. Blackburn, Prosecuting Attorney, and Merry M. Saunders, Assistant Prosecuting Attorney, Athens, Ohio, for Plaintiff-Appellee.

Hoover, J.

{¶ 1} This is an appeal from an Athens County Common Pleas Court sentence for violation of appellant's community control. Appellant George Allbaugh was indicted on May 29, 2007, on one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree; one count of child endangering in violation of R.C. 2919.22 (B)(1) a felony of the second degree; and one count of child endangering in violation of R.C.2919.22 (A), a felony of the third degree. At his arraignment, appellant entered a plea of not guilty to the charges.

{¶ 2} Appellant and the state eventually reached a plea agreement wherein he pled guilty to the lesser offenses of attempted felonious assault (count 1) and two counts of attempted child

endangering (counts 2 and 3). As part of the agreement, the state conceded that counts 2 and 3, the attempted child endangering counts, should merge for sentencing purposes.

{¶ 3} At the sentencing hearing, the State of Ohio noted that "[t]he State would also contend to the Court that endangering children, one being an elevated offense because of the serious physical harm, that they are allied offenses, being they are the same exact offense for the same exact instances, so counts two and three would merge for sentencing." Both parties agree that at the sentencing hearing, appellant's trial counsel failed to discuss allied offenses, and failed to object to the trial court's imposition of separate sentences for the attempted felonious assault count and the merged attempted child endangering counts.

{¶ 4} The trial court sentenced defendant to five years of community control on count 1, and two years of community control on the merged child endangering charges (hereinafter the "original sentence"). The sentences were ordered to run concurrently.[1]

{¶ 5} Nearly two years later, on July 26, 2011, the state filed a notice of violation of community control. A short time thereafter, the state filed supplemental notices of violations on February 23, 2012, May 17, 2012, and May 30, 2012.

{¶ 6} After two hearings, the court found probable cause that appellant had in fact violated his community control, and scheduled a second stage disposition hearing to determine proper sentencing. At the second stage disposition hearing (hereinafter the "sentencing hearing on violation of community control"), the trial court sentenced appellant to three years incarceration

---

[1] Note that the journal entry states that all counts are to run "consecutive," for a total of five years of community control. Thus, while the trial court uses the word "consecutive," it appears that the sentences were actually intended to run concurrently. At the sentencing hearing, the trial court indicated that the sentences were to run concurrently. [Transcript of Sentencing Hearing at p. 5.]

on count 1, three years incarceration on count 2, and one year incarceration on count 3. Despite announcing separate sentences on counts 2 and 3, the attempted child endangering charges, the trial court did indicate that those counts merged for sentencing purposes and ran the two counts concurrent to one another. The decision of the trial court was journalized. In order to correct a mistaken date, a nunc pro tunc judgment entry was journalized on a later date. Both judgment entries, the original and corrected entry, ordered the sentences for counts 2 and 3 to run concurrently to each other, but consecutively with the attempted felonious assault count, for a total sentence of incarceration of six years.

{¶ 7} Following the sentencing hearing on violation of community control, but before the court's decision was journalized, counsel for appellant filed a "Supplemental Sentencing Argument" with the trial court, arguing for the first time that all three counts were allied offenses and should merge for sentencing purposes under *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. The trial court denied appellant's "Supplemental Sentencing Argument."

{¶ 8} Appellant raises the following assignments of error for review.

First Assignment of Error:

> THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT IMPOSED
> SEPARATE SENTENCES FOR OFFENSES THAT AROSE FROM THE
> SAME CONDUCT, WERE NOT COMMITTED SEPARATELY OR WITH A
> SEPARATE ANIMUS, AND SHOULD HAVE BEEN MERGED FOR
> SENTENCING PURPOSES UNDER R.C. 2941.25.

Second Assignment of Error:

MR. ALLBAUGH WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE

OF COUNSEL WHEN HIS TRIAL COUNSEL FAILED TO RAISE THE

ISSUE OF ALLIED OFFENSES AT SENTENCING, IN VIOLATION OF MR.

ALLBAUGH'S RIGHT TO DUE PROCESS AND TO EFFECTIVE

ASSISTANCE OF COUNSEL.  FIFTH, SIXTH, AND FOURTEENTH

AMENDMENTS TO THE U.S. CONSTITUTION; SECTIONS 5 AND 16,

ARTICLE I OF THE OHIO CONSTITUTION.

I

ALLIED OFFENSES & MERGER

{¶ 9}  For his first assignment of error, appellant contends that the trial court erroneously

sentenced him for allied offenses of similar import.

A

STANDARD FOR DETERMINING WHETHER OFFENSES CONSTITUTE ALLIED

OFFENSES OF SIMILAR IMPORT

{¶ 10}  R.C. 2941.25 sets forth the statutory analysis for determining whether offenses constitute

allied offenses of similar import, and thus must be merged for purposes of sentencing:

(A) Where the same conduct by defendant can be construed to constitute two or

more allied offenses of similar import, the indictment or information may

contain counts for all such offenses, but the defendant may be convicted of

only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar

import, or where his conduct results in two or more offenses of the same or

similar kind committed separately or with a separate animus as to each, the

indictment or information may contain counts for all such offenses, and the

defendant may be convicted of all of them.

{¶ 11} The statute codifies the protections of the Double Jeopardy Clause of the Fifth

Amendment to the United States Constitution, and Section 10, Article I of the Ohio Constitution,

which prohibits the imposition of multiple punishments for the same offense. *State v.*

*Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶23. In other words, upon

finding one or more counts to constitute two or more allied offenses of similar import, R.C.

2941.25(A) requires that the convictions be merged for the purposes of sentencing and that the

defendant only be sentenced on one of the counts. *State v. Whitfield*, 124 Ohio St.3d 319, 2010-

Ohio-2, 922 N.E.2d 182, ¶ 5.

{¶ 12} The Ohio Supreme Court has interpreted R.C. 2941.25 to involve a two-step analysis for

determining allied offenses subject to merger. *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-

6314, 942 N.E.2d 1061. Under step one, it must be determined whether "it is possible to commit

one offense *and* commit the other with the same conduct, not whether it is possible to commit

one *without* committing the other." (Emphasis sic.) *Id.* at ¶ 48. Put another way, if the conduct

of the defendant constituting commission of offense one also constitutes commission of offense

two, then the offenses are of similar import and the court must proceed to the second step. *Id.*

Under step two of the analysis, it must be determined whether the offenses were committed as

part of a single act, with a single state of mind. *Id.* at ¶ 49. If both steps of the analysis are met,

then the offenses are allied offenses of similar import and will be merged. *Id.* at ¶ 50. On the

other hand, if commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or with a separate animus for each offense, then under R.C. 2941.25(B), the offenses will not merge. *Id*. at ¶ 51.

B

PLAIN ERROR

{¶ 13} Plain error exists where the error is plain or obvious and when the error affects substantial rights. *State v. Creech*, 188 Ohio App.3d 513, 2010-Ohio-2553, 936 N.E.2d 79, ¶ 17 (4th Dist.). The error affects substantial rights when, but for the error, the outcome of the trial court proceeding clearly would have been different. *Id*. A reviewing court should take notice of plain error with the utmost caution, under exceptional circumstances, and only to prevent a miscarriage of justice. *Id*. In other words, a reviewing court should consider noticing plain error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*. This court has previously recognized that plain error exists when a defendant is convicted of multiple offenses that constitute allied offenses of similar import notwithstanding the fact that the trial court imposed concurrent sentences for the two offenses. *Id*.; *State v. Shaw*, 4th Dist. No. 07CA3190, 2008-Ohio-5910, ¶ 16.

C

RES JUDICATA ANALYSIS

{¶ 14} In his first assignment of error, appellant asserts that count 1, the attempted felonious assault charge, and counts 2 and 3, the attempted child endangering charges, are actually allied offenses under the *Johnson* test, and thus should have been merged for sentencing purposes.

Before we consider the merits of appellant's allied offense argument, we first must address the appellee's argument that appellant is barred under the doctrine of res judicata from challenging merger on appeal from a community control violation, if merger was not challenged on direct appeal from the original conviction.

{¶ 15}  The Fifth District Court of Appeals recently decided a case, *State v. Fields*, 5th Dist. No. 2012-CA-0011, 2012-Ohio-4808, with facts similar to the case at hand.  In *Fields*, defendant pled guilty to burglary, possessing criminal tools, and tampering with coin machines.  *Fields* at ¶ 3.  The trial court placed defendant on four years community control and ordered him to pay restitution.  *Id*.  After multiple violations of his community control, defendant was sentenced to five years in prison.  *Id*. at ¶ 9.  On appeal from his sentence on violation of community control, defendant argued that the trial court erred in sentencing him by failing to merge the burglary and tampering with coin machines counts under the theory that they were allied offenses of similar import.  *Id*. at ¶ 14.  The appellate court held that defendant's merger argument was barred by the doctrine of res judicata because defendant failed to raise the issue of whether his offenses were allied offenses of similar import in a timely direct appeal.  *Id*. at ¶ 18.

{¶ 16}  The Twelfth District Court of Appeals reached the same conclusion in *State v. Dodson*, 12th Dist. No. CA2011-02-034, 2011-Ohio-6347.  There, the appellate court rejected defendant's argument that the trial court erred by failing to merge his trafficking in marijuana and possession of marijuana convictions.  *Dodson* at ¶ 7.  Defendant had originally been sentenced to five years of community control for both counts.  Id. at ¶ 2.  Having found that defendant had violated the terms of his community control, the trial court revoked it and sentenced defendant to a three-year prison term.  *Id*. at ¶ 3.  Noting that defendant never directly appealed his original judgment entry

of conviction, the appellate court held that he could not now raise the issue on appeal from the revocation of his community control. *Id.* at ¶ 8. The court stated:

> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment. In turn, the time to challenge a conviction based on allied offenses is through a direct appeal. Accordingly, because appellant did not raise the issue of whether trafficking in marijuana and possession of marijuana are allied offenses of similar import in a timely direct appeal, we now find his challenge barred by res judicata. (Citations omitted.) *Id.* at ¶ 9.

{¶ 17} Other Ohio appellate courts have reached similar decisions in analogous cases. *See State v. Greenberg*, 10th Dist. No. 12AP-11, 2012-Ohio-3975, ¶ 12 (holding that res judicata barred defendant's argument under RC 2941.25, because he failed to raise it in a direct appeal); *see also State v. Townsend*, 8th Dist. No. 97214, 2012-Ohio-496, ¶ 7-8 (concluding that the issue of whether two offenses constitute allied offenses subject to merger must be raised on direct appeal from a conviction, or res judicata will bar subsequent attempts to raise the issue). Moreover, the plain error rule cannot be used to circumvent the doctrine of res judicata. *State v. Evans*, 9th Dist. No. 89CA004587, 1990 WL 66937, *2 (May 16, 1990).

{¶ 18} Appellant received, under the original sentence, separate sentences for the attempted felonious assault charge and the merged attempted child endangering charges.[2] At that time, appellant could have filed a direct appeal challenging the trial court's failure to merge the alleged allied offenses. Since appellant failed to file a direct appeal on this issue, appellant is now barred under the doctrine of res judicata from raising the issue on appeal of his community control violation sentence.

{¶ 19} Accordingly, we overrule appellant's first assignment of error as it relates to the trial court's failure to merge the attempted felonious assault count with the two attempted child endangering counts.

D

THE ATTEMPTED CHILD ENDANGERING CHARGES

{¶ 20} As part of his first assignment of error, appellant also contends that the trial court committed plain error when it failed to merge the two attempted child endangering convictions at the sentencing hearing on violation of community control.

{¶ 21} Appellant asserts that while the trial court declared that the sentences for counts 2 and 3 should merge, it failed to actually merge the convictions when it imposed separate sentences for each count.

{¶ 22} At the sentencing hearing on violation of community control, the sentencing judge stated that "[o]n counts two and three, which have been merged for sentencing purposes, the Court

---

[2] As noted above, appellant was sentenced to five years community control on the attempted felonious assault count, and two years of community control on the merged attempted child endangering counts.

sentences him to three years on the F3, one year on the F4, to be concurrent with one another * * * ." [Transcript of Second Stage Disposition Hearing at p. 20.] Appellant is correct, in that, it appears the trial court intended that the convictions on counts 2 and 3 merge; however, it failed to actually merge the offenses when it administered separate sentences on each count. The fact that the trial court ordered the sentences to run concurrent to one another does not correct the error. The trial court also had an opportunity to correct its mistake with its subsequent journal entries, but it failed to do so.

{¶ 23} Moreover, both counts were merged under the original sentence; and the state represented at the original sentencing hearing that the attempted child endangering offenses were, in fact, allied offenses.

{¶ 24} Because the original sentence merged the attempted child endangering offenses, the doctrine of res judicata does not now bar the appellant from raising the issue in this appeal. Appellant was not obligated to argue on direct appeal that the offenses should merge, because the trial court had in fact merged the convictions as part of its original sentence. It was not until the sentencing hearing on violation of community control and resulting judgment entries that the offenses became, for lack of a better word, "unmerged." The failure to merge the attempted child endangering convictions in the community control violation sentence is a new error that could only have been addressed in this direct appeal.

{¶ 25} Accordingly, we sustain appellant's first assignment of error as it relates to the trial court's failure to merge the attempted child endangering convictions.

E

MANIFEST INJUSTICE

{¶ 26}  Finally, appellant asserts that the trial court's failure to merge the charges was "fundamentally unfair," and resulted in manifest injustice.  Appellant contends that federal and Ohio case law recognizes an exception to res judicata preclusion when its application results in manifest injustice.

{¶ 27}  In support of his contention, appellant relies on three cases, all three of which can be distinguished from the case at hand.

{¶ 28} The first case upon which appellant relies was *Tipler v. E.I. duPont deNemours & Co.*, 443 F.2d 125, 128 (6th Cir. 1971).  This case dealt with whether the doctrines of res judicata or collateral estoppel precluded an employee from proceeding with a civil rights claim against employer, when the issue as to whether the employee's discharge was racially motivated had been previously litigated before the National Labor Relations Board.  The court in that case concluded that res judicata did not apply because theoretically, certain discriminatory practices that would be permitted under the National Labor Relations Act may be invalid under the Civil Rights Act.  *Id.* at 129.  Thus, the court concluded that "it would be anomalous if a finding under one should preclude a determination under the other, absent special considerations."  *Id.*

{¶ 29}  The instant case, unlike *Tipler*, does not involve the comparison of two statutory schemes, or the effect of proceeding under one scheme in prior litigation versus a separate and distinct scheme in subsequent litigation.  Rather, the doctrine of merger is clearly set forth in R.C. 2941.25.  Appellant could have made his merger argument at the original sentencing hearing or on direct appeal from the original sentence.

{¶ 30}  The second case cited by appellant does not expressly recognize the manifest injustice exception to res judicata preclusion.  *See State v. Richardson*, 74 Ohio St.3d 235, 236, 658

N.E.2d 273 (1996). Appellant's reliance on the case is misplaced; and it sheds no light on whether the exception should apply in the instant case.

{¶ 31} While the third case relied upon by appellant does recognize that the application of res judicata may be unjust in certain circumstances, that case dealt primarily with setting forth a process for defendants to raise a delayed claim for ineffective assistance of appellate counsel. *State v. Murnahan*, 63 Ohio St.3d 60, 66, 584 N.E.2d 1204 (1992). Appellant in this case, however, does not argue that res judicata should not apply to his ineffective assistance of counsel allegation. Rather he argues that it would be improper to bar his merger argument under a res judicata analysis.

{¶ 32} In fact, appellant has cited no cases where Ohio courts have held that the failure to merge allied offenses constitutes manifest injustice, therefore barring the application of res judicata. Under the circumstances of this particular case, this court will not find that the trial court's actions resulted in manifest injustice. Accordingly, appellant's argument that res judicata should not apply is without merit.

II

INEFFECTIVE ASSISTANCE OF COUNSEL

{¶ 33} In his second assignment of error, appellant asserts that trial counsel failed to provide effective assistance of counsel. Appellant argues that trial counsel's failure to raise and object to

the imposition of multiple punishments for allied offenses of similar import at the original

sentencing hearing constituted ineffective assistance of counsel.[3]

A

STANDARD OF REVIEW

{¶ 34} Criminal defendants have a right to counsel, including a right to the effective assistance

from counsel. *See McMann v. Richardson*, 397 U.S. 759, 771, fn. 14, 90 S.Ct. 1441, 25 L.Ed.2d

763 (1970); *State v. Stout*, 4th Dist. No. 07CA5, 2008-Ohio-1366, ¶21. To establish

constitutionally ineffective assistance of counsel, a defendant must show (1) that his counsel's

performance was deficient and (2) that the deficient performance prejudiced the defense and

deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80

L.Ed.2d 674 (1984); *see also State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); *State v.*

*Goff*, 82 Ohio St.3d 123, 139, 694 N.E.2d 916 (1998). "In order to show deficient performance,

the defendant must prove that counsel's performance fell below an objective level of reasonable

representation. To show prejudice, the defendant must show a reasonable probability that, but

for counsel's errors, the result of the proceeding would have been different." (Citations omitted.)

*State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95. "Failure to

establish either element is fatal to the claim." *State v. Jones*, 4th Dist. No. 06CA3116, 2008-

Ohio-968, ¶ 14. Therefore, if one element is dispositive, a court need not analyze both. *See*

---

[3] Appellant has been represented by at least three separate attorneys in this case. Originally, the trial court appointed an attorney to represent him. The court appointed attorney was appellant's counsel through the original sentencing on the plea deal. Appellant was later represented by an assistant state public defender in his defense of the alleged community control violations. On appeal, appellant is represented by a different assistant state public defender.

*State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000) (stating that a defendant's failure to satisfy one of the elements "negates a court's need to consider the other.").

{¶ 35} When considering whether trial counsel's representation amounts to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689. Thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. "A properly licensed attorney is presumed to execute his duties in an ethical and competent manner." *State v. Taylor*, 4th Dist. No. 07CA11, 2008-Ohio-482, ¶ 10, citing *State v. Smith*, 17 Ohio St.3d 98, 100, 17 OBR 219, 477 N.E.2d 1128 (1985). Therefore, a defendant bears the burden to show ineffectiveness by demonstrating that counsel's errors were so serious that he or she failed to function as the counsel guaranteed by the Sixth Amendment. *See State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62; *State v. Hamblin*, 37 Ohio St.3d 153, 156, 524 N.E.2d 476 (1988).

{¶ 36} To establish prejudice, a defendant must demonstrate that a reasonable probability exists that but for counsel's errors, the result of the trial would have been different. *State v. White*, 82 Ohio St.3d 16, 23, 693 N.E.2d 772 (1998); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus (1989). Furthermore, courts may not simply assume the existence of prejudice, but must require that prejudice be affirmatively demonstrated. *See State v. Clark*, 4th Dist. No. 02CA684, 2003-Ohio-1707, ¶ 22; *State v. Tucker*, 4th Dist. No. 01CA2592, 2002 WL 507529, *3 (Apr. 2, 2002); *State v. Kuntz*, 4th Dist. No. 1691, 1992 WL 42774, *2 (Feb. 26, 1992).

B

ANALYSIS

{¶ 37}  In the case at bar, we point out that the trial court did in fact merge counts 2 and 3 for sentencing purposes at the original sentencing hearing.  Thus, trial counsel did not need to raise the issue of merger as to the attempted child endangering convictions, and counsel's actions in that regard were reasonable.

{¶ 38}  With respect to the trial counsel's failure to raise the issue of merger of the attempted felonious assault charge with the remaining attempted child endangering charges, appellant is now barred from raising ineffective assistance of counsel under the doctrine of res judicata.  The proper time to raise the ineffective assistance of counsel argument would have been by direct appeal of the original conviction and sentence.  See *State v. Cole*, 2 Ohio St.3d 112,113-114, 443 N.E.2d 169 (1982); *Evans*, 1990 WL 66937 at *2; *State v. Ledger*, 17 Ohio App.3d 94, 477 N.E.2d 643, paragraph one of the syllabus (8th Dist. 1984).  When a defendant enters a guilty plea, as is the case here, he waives the right to claim that he was prejudiced by constitutionally ineffective counsel except to the extent that such ineffective counsel made the plea less than knowing and voluntary.  *State v. Crase*, 4th Dist. No. 95CA603, 1996 WL 487934, *4 (Aug. 21, 1996).

{¶ 39}  Even if res judicata were not to apply, this court has previously held that felonious assault and child endangering are not allied offenses.  *State v. Journey*, 4th Dist. No. 09CA3270, 2010-Ohio-2555, ¶ 25-28.  While the *Journey* decision was decided prior to the Ohio Supreme Court's decision in *Johnson*, its analysis applies to the instant case.  Appellant was originally sentenced in 2009.  Appellant's ineffective assistance of counsel argument relates to the 2009 sentencing.  Therefore, because *Johnson* was not decided until 2010, this court may not apply its

reasoning in determining whether attempted felonious assault and attempted child endangering are allied offenses. *See State v. Boyce*, 2nd Dist. No. 11CA0095, 2012-Ohio-3713, ¶ 12 (in refusing to apply *Johnson* in a petition for post conviction relief, the court noted that "a new judicial ruling applies only to cases that are pending on the announcement date of the new ruling, and may not be applied retroactively to a conviction that has become final."); *see also Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687, ¶ 6 (holding that a new judicial ruling may only be applied to cases pending on the announcement date, and may not be applied retroactively to a conviction that has become final). Appellant's convictions and sentence imposed became final upon the trial court's decision in 2009. Further, appellant did not file a direct appeal following the 2009 conviction and sentence. Thus, appellant cannot rely on *Johnson* in support of his merger argument. Having found under pre-*Johnson* analysis that the offenses are not allied, it cannot be said that trial counsel acted unreasonably in not raising the issue prior to sentencing, or that appellant was prejudiced as a result of counsel's failure to raise the issue.

{¶ 40} Accordingly, based on the foregoing reasons, we overrule appellant's second assignment of error.

### III

### CONCLUSION

{¶ 41} Plain error was committed in entering sentences for both attempted child endangering charges. This court is not unilaterally permitted to correct the error by modifying the sentence. *See Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182 at ¶ 20-21; *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 13. On remand, the state retains the right to

elect which attempted child endangering charge it seeks to pursue on resentencing.  *Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182 at ¶ 25.  Once the state makes its selection, we direct the trial court to hold a new sentencing hearing, merge the convictions for attempted child endangering, and to impose a single sentence for the chosen offense.  *Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381 at ¶ 1.

{¶42}  The trial court did not commit plain error in failing to merge the attempted felonious assault conviction with the attempted child endangering convictions.  Appellant could have raised that issue as a direct appeal of his original sentence; and he is barred under the doctrine of res judicata from doing so now.

{¶43}  Appellant's second assignment of error, claiming ineffective assistance of counsel, is also overruled for the reasons set forth above.

{¶44}  Accordingly, we affirm in part, reverse in part and remand the case to the trial court for further proceedings consistent with this opinion.

JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED IN PART, REVERSED IN PART,

AND REMANDED to the trial court for further proceedings consistent with this opinion.

Appellant and appellee shall split the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County

Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

McFarland, P.J. & Harsha, J.:  Concur in Judgment and Opinion.


For the Court

By:_____
            Marie Hoover, Judge


**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.