[Cite as *State v. Elias*, 2013-Ohio-5254.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99739**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOHN ELIAS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-481766

**BEFORE:** Stewart, A.J., Blackmon, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** November 27, 2013

**FOR APPELLANT**

John Elias, Pro Se
Inmate No. 512-026
Richland Correctional Institution
P.O. Box 8107
Mansfield, OH    44901


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    T. Allan Regas
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, A.J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R.11.1. In 2008, defendant-appellant John Elias pleaded no contest to charges of burglary and intimidation. The court sentenced him to five years of community control and advised him that a violation of the terms of community control could result in a prison term of nine years. In May 2009, the court found that Elias violated community control. It ordered Elias to serve a nine-year sentence and placed him on five years of postrelease control. We dismissed his direct appeal for failure to timely file that appeal. *See State v. Elias*, 8th Dist. Cuyahoga No. 93325, Motion No. 422877 (June 10, 2009). We then denied Elias's request to file a delayed appeal. *See State v. Elias*, 8th Dist. Cuyahoga No. 93686, Motion No. 424675 (Aug. 31, 2009). Elias then filed a number of substantive motions with the trial court: a motion to vacate his sentence; a motion for resentencing; and a motion for a "review hearing" on the community control violation. The court denied only the motion for a review hearing. Elias appeals from that order.

{¶2} Elias sought a review hearing on grounds that the court failed to hold the requisite preliminary hearing before revoking his community control sanction in May 2009 — in essence, he wished to relitigate the community control revocation proceedings. Elias could have raised any issues related to the revocation proceedings on direct appeal in 2009 had he perfected his appeal. They are thus res judicata and cannot be raised in a subsequent proceeding. *See State v. Allbaugh*, 4th Dist. Athens No. 12CA23,

2013-Ohio-2031, ¶ 18. The court did not err by denying the motion for a review hearing.

**{¶3}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

PATRICIA ANN BLACKMON, J., and
TIM McCORMACK, J., CONCUR